SIMMONS *et al. v.* THE STATE.

After all the evidence for the State has been heard by the traverse jury on a trial for felony, it is not lawful to change the constitution of the jury by discharging one of its members as incompetent because he was on the grand jury that found the bill and substituting in his place a fresh juror and then proceed with the trial, the prisoner not consenting to such substitution, but insisting that a mistrial should be declared.

January 18, 1892.

Criminal law. Jury and jurors. Practice. Before Judge RONEY. Columbia superior court. September term, 1890.

Reported in the decision.

TWIGGS & VERDERY, for plaintiffs in error.
BOYKIN WRIGHT, solicitor-general, *contra.*

SIMMONS, Justice.

The defendants were found guilty of burglary, and made a motion for a new trial, which was overruled, and they excepted. In addition to the general grounds that the verdict was contrary to law, evidence, etc., it was alleged in the motion that a new trial should be granted for the following reasons : The case was called and commenced on Wednesday afternoon and progressed until the adjournment of the court for dinner on Thursday, at which time the State closed its testimony. Upon the reassembling of court after the dinner recess, the solicitor-general announced to the court, in the presence of the jury, that he had discovered during the recess that

one of the jury trying the case had been on the grand jury which found the indictment, and moved that the juror, being disqualified, be relieved and his place on the jury filled by the selection of another, as if only eleven jurors had been originally chosen, and that the case proceed after the selection of the twelfth juror by reopening the case and submitting anew all the testimony which had been already introduced and submitted. Counsel for defendants objected to such course as illegal and irregular, and asked the court to declare a mistrial and that the case be continued. This the court refused to do. Counsel for defendants then asked the court to declare a mistrial and order a new jury stricken, and that the case proceed before a new jury thus chosen. The court refused this motion, sustained the motion of the solicitor-general, relieved the disqualified juror and directed that his place be filled by the selection of another to be obtained by the usual and regular mode. Upon this ruling counsel for defendants, in order to avoid the delay which would ensue by reopening the case and reintroducing all the evidence for the benefit of the new juror, consented to proceed with the trial before the eleven remaining jurors, provided it was distinctly agreed between such counsel and the solicitor-general, with the sanction of the court, that the defendants would reserve the right to except to the order and ruling of the court as above set forth; and it was then and there so understood and agreed. The cause then proceeded and was concluded before the eleven jurors. Defendants except to the ruling of the court and say that the court erred in ordering that the disqualified juror be relieved and his place filled by the selection of another, and in not ordering a mistrial as moved by counsel and continuing the case, or directing, in case he refused a continuance, a new jury to be selected in accordance with the motion.

The time within which objections as to the com-

v 88-18

petency of a juror may be entertained for the purpose of setting him aside and selecting another, is regulated in this State by statute. The code, in its provisions as to the manner of making up juries on the trial of felonies, requires that objections which are known when the juror is under investigation shall be urged before he is held competent; and objections which are subsequently discovered " may be made and the proof heard at any time before the prosecuting counsel submits to the jury any of his evidence in the case " (§4681). By another section, newly discovered evidence as to incompetency is allowed " at any time before any of the evidence on the main issue is submitted" (§4685). We think these provisions are decisive of the question. They clearly mean that after the jury as constituted for the trial has entered upon the exercise of its functions, the time is at an end for objections which have for their purpose a change in the membership of that body. In the present case counsel for the State did not make the objection until all his evidence had been heard and he had announced that the case of the State was closed. Counsel for the accused conceded the incompetency of the juror and consented that he should be withdrawn for the purpose of declaring a mistrial, which direction they moved should be given to the case, but insisted that it was too late to entertain any objection as to the juror's competency for the purpose of supplying his place with another. Under these circumstances, we think the court when it discharged the juror should have then declared a mistrial. We do not rule that it was proper to discharge the juror at all at this state of the trial.

*Judgment reversed.*